**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| NICOLAAS SUGIARTO SUTANTO; IRMA PUTRI WIRAYA, | No. 08-73681 |
| Petitioners, | Agency Nos. A096-351-598 |
|  | A096-351-599 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:    CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Nicolaas Sugiarto Sutanto and Irma Putri Wiraya, natives and citizens of

Indonesia, petition for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's decision denying their

application for asylum, withholding of removal, and relief under the Convention

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and we review de novo the agency's legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Sutanto claims he suffered past persecution and has a well-founded fear of future persecution on account of his Chinese ethnicity and Christian religion. Substantial evidence supports the agency's finding that the incidents of harassment and violence experienced by Sutanto do not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (harassment, threats, and one beating did not compel finding of past persecution). In addition, the record does not compel the conclusion that, even as a member of a disfavored group, Sutanto has shown sufficient individualized risk to establish a well-founded fear of future persecution. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992) (noting that "[t]o reverse the BIA finding we must find that the evidence not only *supports* that conclusion, but *compels* it") (emphasis in original); *cf. Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004). Accordingly, we deny the petition as to petitioners' asylum claims.

08-73681

Because Sutanto has not met the standard for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, Sutanto does not raise any substantive challenge to the denial of his CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not addressed in the argument portion of a brief are deemed waived). Accordingly, we deny the petition as to this claim.

**PETITION FOR REVIEW DENIED.**